## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIC L. MCRAE,

*Plaintiff,*

v.                                                          Case No. 6:17-cv-01260-EFM

TAUTACHROME, INC.,

*Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Eric L. McRae brought this action alleging breach of contract, promissory estoppel, and fraud by silence against Defendant Tautachrome, Inc.  Tautachrome moves for a change in venue to the United States District Court for the District of Arizona, or alternatively to dismiss count one of McRae's second amended complaint.   For the following reasons, Tautachrome's motion to transfer case or in the alternative, motion to dismiss (Doc. 12) is denied.

### I.        Factual and Procedural Background[1]

Tautachrome is a corporation incorporated in the State of Delaware with its principal place of business in the state of Arizona.  McRae is an investor and citizen of Kansas.  McRae entered

---

[1] Except where noted, the facts are taken from the Second Amended Complaint and are accepted as true for the purposes of this ruling.

into a Convertible Promissory Note (the "Note") and Subscription Agreement (the "Agreement") on May 27, 2016 with Tautachrome.  The Note and Agreement stated that McRae would lend Tautachrome $50,000 for 18 months at a five percent interest rate, until November 27, 2017, when the rate would double.  The Note further stated that after one year, on May 28, 2017, McRae could convert the principal balance and all accrued but unpaid interest to common stock of Tautachrome. The formula for his conversion right was as follows:

> Principal and Outstanding Interest
> (Conversion Rate * Conversion Price).

McRae claims there was an oral agreement between both parties on November 28, 2016 for Tautachrome to employ McRae as a Business Operations Manager.  McRae alleges that he executed and delivered to Tautachrome an Engagement Agreement (the "Engagement"), which was supposed to be a representation of the oral agreement, on February 2, 2017.  The Engagement was not signed by Tautachrome; McRae claims that Tautachrome's failure to sign the Engagement was a strategic maneuver to defraud him.  Tautachrome terminated McRae without prior notice on June 16, 2017.  McRae claims that this termination is a violation of the Engagement, and Tautachrome's refusal to honor McRae's conversion right is a violation of the Note.

The Agreement, signed by both parties, has a provision titled "Governing Law; Jurisdiction; Service of Process."  Tautachrome claims that this provision is a binding venue clause, limiting claims under the Note and Agreement to be brought only in Arizona, and that Kansas is a forum non conveniens.  The relevant portion states:

> Each of the parties irrevocably agrees that the other party may enforce any claim arising under this Subscription Agreement and will irrevocably agree with respect to any claim arising from the transaction contemplated hereby in the courts of the State of Arizona or United States District Court for the District of Arizona, as the party bringing the claim may so choose.  For the purpose of any action, suit, or

proceeding initiated in such courts with respect to any such claim, each of the parties irrevocably submits to the jurisdiction of such courts. Each of the parties shall waive, to the fullest extent allowed by law, any objection which it may now or hereafter have to venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding in such court has been brought in an inconvenient forum.

On January 2, 2018, Tautachrome filed a motion for change of venue or, in the alternative, motion to dismiss pursuant to Rule 12(b)(6). And on June 13, 2018, Tautachrome emailed the Court explaining that the statute of frauds argument in furtherance of Tautachrome's motion to dismiss was withdrawn. Formal notice of withdrawal was filed on the same day.

## II.    Legal Standard

### A.    Motion to Transfer Venue

Tautachrome moves for a change of venue pursuant to 28 U.S.C. § 1404. The relevant portion of § 1404 states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."[2] Unless the balance of interests "is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed."[3] A forum selection clause is treated as a manifestation of the parties' preferences as to a convenient forum.[4]

A valid forum selection clause in a contract may preclude a federal court from exercising jurisdiction if the parties have agreed in that clause to litigate elsewhere.[5] Forum selection clauses

---

[2] 28 U.S.C. § 1404(a).

[3] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

[4] *Siegel v. Homestore, Inc.*, 255 F. Supp. 2d 451, 456–57 (E.D. Pa. 2003).

[5] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).

are presumed prima facie valid and should be enforced unless unreasonable under the circumstances.[6]  The party opposing enforcement has a heavy burden to show the provision itself is invalid;[7] this requires a showing of fraud, overreaching, or that enforcement would be unreasonable and unjust under the circumstances.[8]  Even if enforceable, forum selection clauses may merely be permissive and not mandatory if they only permissively grant jurisdiction at a venue, rather than mandate one venue to the exclusion of others.[9]  Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum.[10]

## B.   Motion to Dismiss

Under Rule 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted.  On such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[11]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[12]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature

---

[6] *Id.*

[7] *Id.* at 17, 19

[8] *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen*, 407 U.S. at 10, 15).

[9] *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).

[10] *Id.*

[11] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

of claims, as well as the grounds on which each claim rests.[13]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[14]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[15]

### III.    Analysis

Before addressing the parties' arguments, the Court must first determine whether federal or state law governs the interpretation of the Note and Agreement.  "Because contracts designating a place of jurisdiction or venue may implicate both state substantive law and federal procedural law, courts have struggled with which law to apply, and the Tenth Circuit has not issued a definitive statement regarding the issue."[16]  Here, both parties have agreed that Arizona state law would apply to the claims in McRae's second amended complaint.  The Agreement language states "this Subscription Agreement shall be governed by and construed in accordance with the laws of the State of Arizona."  But even if a choice-of-law clause provides that the parties' agreement will be construed under a state's substantive law, federal procedural law still generally governs the application of clauses that designate a place of jurisdiction or venue under a motion to transfer.[17]

---

[13] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[14] *Iqbal*, 556 U.S. at 678-79.

[15] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[16] *Irsik & Doll Feed Servs., Inc. v. Roberts Enters. Invs., Inc.*, 2016 WL 3405175, at *3 (D. Kan. 2016).

[17] *Id.* (citing *Johnson v. N. States Power Co.*, 2000 WL 1683658 at *3 (D. Kan. 2000)); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988).

"When confronted with a forum selection clause and a substantive choice of law provision, courts in this circuit often apply federal procedural law to determine the effect of the forum selection clause, especially when the outcome under state and federal law is consistent, and when the parties agree that federal law governs."[18]  This Court cannot find that a material difference would result from the application of either law.[19]  Thus, the Court will follow the trend in this circuit to apply federal procedural law in determining the effect of the forum selection clause in this case.

## A.    Motion to Transfer Venue

Tautachrome has moved to transfer this case to the U.S. District Court for the District of Arizona, arguing that the Agreement's forum selection clause is binding and mandatory.  McRae argues that the Agreement's forum selection clause should not apply because his claims are brought under the Note, not the Agreement.  Alternatively, McRae claims that the forum selection clause is merely permissive, thus it should not overcome his current choice of forum.  Tautachrome and McRae also dispute whether there is enough evidence to show that Kansas is an inconvenient forum for litigating this claim.  Accordingly, the three issues this Court must answer regarding Tautachrome's motion to transfer venue are: (1) whether the forum selection clause is incorporated

---

[18] *Id.* (citing *TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd.*, 416 F. Supp. 2d 1054, 1074 (D. Kan. 2006) (finding it unnecessary to decide between state and federal law when no material discrepancies existed between them)); *see also Excell*, 106 F.3d at 320-21; *Mozingo v. Trend Pers. Servs.*, 2011 WL 3794263 at *2 (D. Kan. 2011); *K & V Sci. Co. v. BMW*, 314 F.3d 494, 497 n.4 (10th Cir. 2002); *SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.*, 105 F.3d 578, 581 (10th Cir. 1997).

[19] Forum selection clauses are presumptively valid in Arizona law.  *See Greenwood v. Mepamsa, SA*, 2011 WL 4801359, at *4 (D. Ariz. 2011)*; Oldlaw Corp. v. Allen*, 2007 WL 2772697, at *5 n.6 (C.D. Ill. 2007) (interpreting Arizona law); *Societe Jean Nicolas Et Fils v. Mousseux*, 123 Ariz. 59, 597 P.2d 541, 543 (1979); *Sierra Tucson, Inc. v. Bergin*, 239 Ariz. 507, 372 P.3d 1031, 1034 n.2 (Ct. App. 2016).

in the Note; if so, (2) whether the forum selection clause is mandatory or permissive; and finally (3) whether Kansas is a *forum non conveniens*.

       *1.      Incorporation of Clause*

McRae argues that the venue clause does not apply to McRae's claims because the Note makes no mention of the venue clause in the Agreement, or of a choice of forum in Arizona. Tautachrome argues that the Note is incorporated because it is attached to the Agreement as Schedule A, and both the Note and Agreement expressly reference one another.

When determining whether a promissory note and security agreement should be interpreted together, this Court has found the following two factors to be determinative: (1) execution of each document on or about the same day to govern the same transaction; and (2) whether each document clearly references one another as to make the relationship between the two clear.[20]

First, the Note and Agreement both governed the same lending transaction and were executed by both parties on the same day. This fact alone suggests that the documents are clearly part of the same transaction and should be interpreted together.[21] The two documents were attached together, one as a schedule of the other, which further suggests that the two were part of the same transaction.

Second, both documents reference one another in such a way as to show a relationship of mutual reliance on one another regarding the transaction. The "conversion price" of the Note, for which McRae uses in his complaint, relies on the "subscription date" whose definition can only be

---

[20] *Irsik & Doll Feed Servs., Inc.*, 2016 WL 3405175 at *4.

[21] *See id.*

found in the Agreement.  McRae cannot calculate his "conversion shares" in the Note without the "conversion price," and subsequently, without the Agreement.

The Note further references the Agreement at 1(k) and paragraph 13.  The language at paragraph 13 states: "[a]ny suit, action or other proceeding arising out of or based upon this Note will be subject to the provisions of the Subscription Agreement."  And the Agreement makes multiple, explicit references to the Note and the relationship between them.[22]  Therefore, the forum selection clause is incorporated in the Note.

> 2.    *Permissiveness of Clause*

McRae correctly points out that when there is a valid forum selection clause, it should be "given controlling weight in all but the most exceptional cases."[23]  In arguing that the Agreement's forum selection clause should not apply, McRae interprets the clause to read that both parties agree not to oppose venue or jurisdiction in Arizona, but not that venue is only proper in Arizona, making the clause permissive.[24]  The portion of the clause McRae cites to provides that either party "may enforce any claim arising under [the Agreement] . . . in the courts of the State of Arizona or United States District Court for the District of Arizona, as the party bringing the claim may so choose."

---

[22] *See* Doc.12-1, p. 2 (stating in the Agreement's introductory language that "the Subscriber wishes to subscribe for and purchase the Note;" and in Section 1.1 that the Subscriber "agrees to purchase the Note . . . under the terms and subject to the conditions set forth herein;" and in Section 1.3 that the "subscription will become an irrevocable contract for the purchase and sale of the Note only upon the acceptance of this Subscription Agreement"); Doc. 12-1 p. 12 (providing in Section 5.7 "this Subscription Agreement . . . and the Note represents the entire agreement between the parties . . .").

[23] *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013); *Williams v. Ascension Health Long-Term Disability (Ltd) Plan*, 2017 WL 1540635, at *2 (D. Kan. 2017).

[24] *Excell*, 106 F.3d at 321 (holding that a permissive clause authorizes jurisdiction in a designated forum, but does not prohibit litigation elsewhere).

-8-

Tautachrome argues that McRae's reading of the clause views the term "may" in isolation and ignores the rest of the language such as the term "irrevocably." Tautachrome lists numerous cases where some variation of the term "irrevocable" have been used to support enforcing a forum selection clause, but also acknowledges that explicitly mandatory terms such as "only" or "exclusive jurisdiction" were not used in this clause.

When the venue is specified and accompanied by mandatory or obligatory language, the forum selection clause will be enforced as mandatory.[25] If only jurisdiction is specified, a forum selection clause will still be enforced if there is language indicating the parties' intent to make venue exclusive.[26]

Here, the venue is specified, but is not accompanied by mandatory or obligatory language. The first sentence reads, in full: "[e]ach of the parties irrevocably agrees that the other party may enforce any claim arising under this Subscription Agreement and will irrevocably agree with respect to any claim arising from the transaction contemplated hereby in the courts of the State of Arizona or United States District Court for the District of Arizona, as the party bringing the claim may so choose."[27]

When read plainly, the sentence is clearly missing terms that would actively bind the parties to either of the two courts. Although it begins by establishing that the parties "irrevocably agree[]," the subsequent language fails to establish exclusivity. Rather, the parties irrevocably agree that either party "*may* bring a claim" in Arizona federal or state court. Of course, as Tautachrome

---

[25] *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005).

[26] *Id.*

[27] This sentence has been typed verbatim. It seems appropriate to add a [sic]; however, this sentence is structured so poorly that this Court fails to find the right spot to do so.

points out, the Court cannot ignore the sentence's second clause, which provides that the parties "will irrevocably agree with respect to any claim arising from the transaction contemplated hereby in [Arizona federal or state court]."  At face value, this clause establishes that the parties agree in an Arizona court.  This is clearly incoherent and likely the result of poor drafting.  But even in context, this clause fails to supplement the first clause.  There is simply no language that obligates or mandates where a party may bring a claim; the sentence only establishes that parties may bring a claim in Arizona.

The second and third sentences then provide:

> For the purpose of any action, suit, or proceeding initiated in such courts with respect to any such claim, each of the parties irrevocably submits to the jurisdiction of such courts.  Each of the parties shall waive, to the fullest extent allowed by law, any objection which it may now or hereafter have to venue of any such suit, action or proceeding brought in any such court and any claim that any such suit, action or proceeding in such court has been brought in an inconvenient forum.

These sentences provide that "[f]or the purpose of any action . . . initiated in [Arizona federal or state court]" the parties "irrevocably submit [] to the jurisdiction of such courts," and "shall waive . . . any objection . . .[t]o venue . . . [and that the action] has been brought in an inconvenient forum."  This language only passively binds the parties if an action is "initiated in such courts."  If it is initiated in Arizona, then the parties waive their objections to jurisdiction and venue.  But there is no language stating that the action must be brought in Arizona.

Taken together, the clause does not contain mandatory or obligatory language.  The first sentence provides that the parties irrevocably agree that they may bring a claim in Arizona federal or state court.  The second clause of the first sentence only states that parties agree in either Arizona court, which is incomplete and, ultimately, nonsensical.  The second two sentences *only* apply if the action is brought in Arizona; neither establish that the action *must* be brought there.

Accordingly, the forum selection clause does not contain mandatory language requiring any claims be brought in Arizona.

Nor does the clause contain language indicating the parties' intent to make venue exclusive. The language here does contain two mandatory conditions—the parties waive their objections to venue and jurisdiction—but these conditions only apply to actions brought in Arizona state or federal court.  Here, the action was not brought in Arizona and therefore falls outside of the condition that would trigger the clause's intentional language.  And, as discussed above, the first sentence clearly states that the parties "*may* enforce any claim . . . in the courts of the State of Arizona . . . ."  Thus, this Court finds the forum selection clause to be merely permissive and does not prohibit McRae from bringing this action in the District of Kansas.

> *3.*    Forum Non Conveniens

Tautachrome argues that Kansas is a *forum non conveniens* because the locus of activity for the dispute is in Arizona, where McRae traveled to and worked in, and where Tautachrome's headquarters are located.  McRae argues that Tautachrome cannot show that the private and public interest factors clearly point toward trial in the alternate forum to meet the burden of *forum non conveniens*.  McRae further argues that he would face heavy hardship if he were forced to litigate in Arizona.  In support of its motion to transfer, Tautachrome argues that Kansas is an inconvenient forum because: (1) every witness besides McRae lives in Arizona; (2) the purported fraud claim gives Arizona a materially greater interest in ensuring company compliance with state law; and (3) that the application of Arizona law, particularly in front of a jury, would be best served in Arizona than in front of a Kansas jury.

*Forum non conveniens* allows a district court which has proper venue to transfer an action to another district where it could have been brought, in the interest of justice.[28]  The plaintiff's choice of forum will only be overcome by the moving party establishing that the private and public interest factors clearly point toward trial in the alternate forum.[29]  This Court has used the following factors when determining whether a defendant has met their burden to justify a transfer of venue: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.[30]

Here, it appears that McRae has simply chosen his home forum, a decision that is given great weight.[31]  The fact that most witnesses live outside of Kansas does not weigh heavily when establishing that a forum is inconvenient in the modern age.[32]  Though Arizona may have a greater interest in the application of Arizona law and company compliance with state law, Tautachrome

---

[28] *Westhampton Care, Inc. v. Law Co.*, 896 F. Supp. 1093, 1094 (D. Kan. 1995).

[29] *Id.*

[30] *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, 2014 WL 172197, at *5 (D. Kan. 2014).

[31] *Id.* at *6.

[32] *Id.* (holding that "modern transportation and communications technology have significantly decreased the difficulties and burdens associated with interstate travel").

has only shown why it would be convenient to litigate this claim in Arizona; not why it would be inconvenient to proceed in Kansas.

In weighing these factors, this Court finds that Tautachrome has not met the burden of establishing Kansas as an inconvenient forum to overcome the plaintiff's choice of forum. The balance of interests between the parties is not strongly in Tautachrome's favor; thus, this court finds that McRae's choice of venue is proper and a transfer to Arizona is unwarranted.

**B.      Motion to Dismiss Breach of Contract Claim**

In its motion, Tautachrome moved in the alternative to dismiss McRae's breach of contract claim because the Engagement was never signed. In its supporting memorandum, Tautachrome argued that "[b]ecause performance under the contract could not have occurred within one year and Tautachrome never signed the same, the statute of frauds bars enforcement of the written agreement under Count One." On June 13, 2018, Tautachrome filed notice with this Court, stating that it had recently become aware of a board resolution; "[w]ithout waiving rights and arguments regarding the practical and legal effect of that document, Tautachrome wishes to withdraw its statute of frauds argument in furtherance of the Motion to Dismiss. However, Tautachrome respectfully maintains its request that the Court grant Tautachrome's Motion to Change Venue."[33] Although not explicitly stated, the Court concludes that Tautachrome is no longer seeking dismissal of Count One, and is instead choosing to only pursue the transfer. Accordingly, Tautachrome's alternative request for dismissal of Count One is denied as moot.

---

[33] Doc. 35, p. 2.

**IT IS THEREFORE ORDERED** that Tautachrome's motion for change of venue or, in the alternative, motion to dismiss (Doc. 12) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 21st day of June, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE